DECISION AND JUDGMENT ENTRY
This is an accelerated appeal from a Fulton County Court, Western District, decision that found appellant guilty of failing to obey a traffic control device, in violation of R.C. 4511.12. The trial court's decision is affirmed for the reasons that follow.
On appeal, appellant raises the following assignment of error:
 I. THE VERDICT FINDING THE APPELLANT GUILTY OF VIOLATING SECTION 4511.12 OF THE OHIO REVISED CODE, FAILURE TO OBEY A TRAFFIC CONTROL DEVICE, WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND THE EVIDENCE WAS INSUFFICIENT TO SUPPORT A FINDING THAT APPELLANT HAD DISOBEYED THE TRAFFIC CONTROL DEVICE.
The evidence is uncontroverted that on April 18, 2000, at approximately 8:00 p.m., Dixie Baldwin was driving north on North Shoop Avenue (alternatively State Route 108) when her vehicle collided with a tractor trailer, driven by appellant, that was going east on Airport Highway (alternately U.S. 20A) at the intersection of these two roads in Wauseon, Ohio. The following additional relevant evidence was presented at trial.
Baldwin testified that the traffic light was green for traffic on North Shoop Avenue when she entered the intersection. Although her testimony is unclear as to when the light turned green, she was certain that, at a minimum, the light was green approximately two car lengths before her vehicle entered the intersection.
Amy Jo Rouleau, a witness to the accident, testified that at the time in question she was southbound on North Shoop Avenue (going in the opposite direction from Baldwin) and was stopped at the intersection. According to Rouleau's testimony, when she stopped at the red light, she put her car in park, looked for some change, and then started to take off her jacket. At some point she also checked on her two-year old son, who was in the back seat. She testified that she was monitoring the light so that she did not hold up traffic and, as she was taking off her jacket, she noticed the light turn green. She then put her jacket back on, put her seatbelt back on, and put her car in drive. It was at this point that she noticed Baldwin's vehicle coming towards her, and at the same time she noticed appellant's truck "come through the light."
Beth Slagle testified that at the time in question she was stopped behind a semi truck (not appellant's) at a red light at the intersection, headed westbound on Airport Highway (she was on the same road as appellant and going in the opposite direction). When the light turned green, she followed the semi into the intersection, made a right onto Shoop Avenue, and then a quick left into a gas station. At this point she heard the collision and got out of her car to see what had happened. She testified that she did not see the collision. She also did not notice the color of the light for traffic on Airport Highway once she had exited her vehicle. However she stated that, based upon the time it took her to turn right and then left into the gas station, appellant's light must have been green at that time. She did, however, allow for the possibility that the light could have changed at some point prior to her getting out of her vehicle.
Appellant testified that the light was green when he entered the intersection and that he was driving about forty to forty-five m.p.h. when he entered the intersection. He also testified that Baldwin's vehicle struck his truck in the middle of the trailer, after approximately forty-five feet of his truck had already passed through the intersection.
The state also presented testimony from Officer Jeff Case and Jimmy Norris. However, neither of these witnesses observed the color of the traffic lights at the time of the incident.
On July 18, 2000, appellant was found guilty and was fined $27 and ordered to pay court costs.
On appeal, appellant argues that his conviction was based both on insufficient evidence and against the weight of the evidence.
As stated above, appellant was found guilty of violating R.C. 4511.12
as a result of running a red light. R.C. 4511.12 states, in relevant part, "[n]o pedestrian, driver of a vehicle * * * shall disobey the instructions of any traffic control device * * *."
This court has thoroughly considered the entire record of proceedings in the trial court and finds that the testimony of Baldwin and Rouleau presented sufficient evidence from which, when viewed in a light most favorable to the state, a rational trier of fact could have found appellant guilty beyond a reasonable doubt of failing to obey a traffic control device. See, State v. Jenks (1991), 61 Ohio St.3d 259, syllabus.
Similarly, based on this testimony, this court cannot say that the jury clearly lost its way or created a manifest miscarriage of justice by finding appellant guilty of failing to obey a traffic control device.State v. Thompkins (1997), 78 Ohio St.3d 380, 387, quoting State v.Martin (1983), 20 Ohio App.3d 172. Accordingly, appellant's assignment of error is found not well-taken.
On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Fulton County Court, Western Division, is affirmed. Court costs of this appeal are assessed to appellant.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ Richard W. Knepper, J.
 Melvin L. Resnick, J. James R. Sherck, J., CONCUR.